[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2010
JOHN LEY
CLERK

_____

No. 10-10588
Non-Argument Calendar

_____

Agency No. A079-419-153

VALTER MEMIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 15, 2010)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Valter Memia, a native and citizen of Albania, has petitioned this court to

review the decision of the Board of Immigration Appeals ("BIA") denying his

second motion to reopen his removal proceeding for consideration of his

application for asylum, pursuant to 8 C.F.R. § 1003.23(b). The Immigration Judge

("IJ") closed Memia's case in November 2001 after finding that Memia abandoned

his asylum claim by failing to appear for his hearing. Later in 2001, Memia moved

the IJ to reopen the removal proceeding on the ground that he did not receive the

notice of the hearing before the IJ. The IJ denied his motion.

In 2008, Memia again moved the IJ to reopen the removal proceeding

("second motion"), reasserting his lack-of-notice argument, and alleging that

country conditions in Albania had deteriorated such that he feared persecution if he

returned. He attached to the motion an application for asylum, withholding of

removal, and withholding of removal under the Convention Against Torture

(CAT). The IJ, in an opinion expressly adopted by the BIA, denied his second

motion as time- and numerically-barred after finding that he did not establish

changed country conditions necessary to excuse these defects. The IJ also found

that he was barred by regulations from reasserting his lack-of-notice argument.

In his brief before us, Memia raises three arguments.[1] First, by denying the

second motion to reopen, the BIA arbitrarily denied his "meritorious application

---

[1] We note that where, as here, the BIA adopts the IJ's opinion as its own opinion, we review the IJ's decision as well as the BIA's. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quotation omitted).

for CAT relief." Second, the BIA erred in presuming that he received a notice of the 2001 hearing. Third, the BIA abused its discretion in denying his second motion because he demonstrated changed country conditions in Albania.

I.

We lack jurisdiction "to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *See Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); Immigration and Nationality Act (" INA") § 242(d)(1), 8 U.S.C. § 1252(d)(1). Thus, if an alien fails to raise a challenge in his appeal to the BIA, we may not consider the challenge in his petition for review. *Amaya-Artunduaga*, 463 F.3d at 1250. If the alien's brief to the BIA contains only passing references to a claim, the BIA may properly consider that issue abandoned before it. *Lapaix v. Att'y Gen.*, 605 F.3d 1138, 1145-46 (11th Cir. 2010).

The record indicates that the scope of Memia's CAT argument to the BIA was a passing reference that withholding under CAT was one potential form of relief to consider in the event the BIA granted the second motion, and the BIA declined to mention CAT in its decision. By failing to properly preserve this issue before the BIA, it is unexhausted, and we are without jurisdiction to adjudicate its merits. Accordingly, we dismiss his petition for review in this respect.

II.

Ordinarily, if an alien fails to appear for a removal hearing, his application for asylum will be denied. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); *see also* 8 C.F.R. § 1208.2(c)(3)(ii).  The agency may reopen a hearing if the alien's unexcused absence and subsequent entry of an *in absentia* order resulted from a failure to properly notify the alien of the hearing. INA § 240(b)(5)(B)(ii).  However, "[a]n alien may file only one motion" alleging these grounds. 8 C.F.R. § 1003.23(b)(4)(ii).  The language of this regulation is plain. *See Montano-Cisneros v. Att'y Gen.*, 514 F.3d 1224, 1228 (11th Cir. 2008)

Memia's first motion to reopen alleged that he failed to appear because he did not receive the notice of his 2001 hearing.  He was therefore barred from raising this issue in any subsequent motion to reopen.  As such, to the extent Memia attempted to do so in his second motion contrary to the plain language of 8 C.F.R. § 1003.23(b)(4)(ii), the BIA did not abuse its discretion in denying the motion.

III.

We review the the denial of a motion to reopen a removal proceeding for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  Judicial review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been

4

arbitrary or capricious." *Id*. Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings before the IJ may file one motion to reopen. INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the date of the final removal order. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(a)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Nevertheless, the time and numerical limits are inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).

The BIA has the discretion to deny a motion to reopen for, among other things, failure to introduce evidence that was material and previously unavailable. *Li v. U.S. Att'y Gen*., 488 F.3d 1371, 1374-75 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new

5

evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir.2009). We favor evidence that is corroborated and based on personal knowledge. *See Li*, 488 F.3d at 1373 (holding that sworn affidavits based on personal knowledge that the Chinese government forcefully sterilized children in an alien's village, supplemented by government reports, were sufficient to show changed country conditions).

A foreign government's escalated efforts to enforce an existing coercive policy can support a finding of changed country conditions necessary to grant an untimely motion to reopen. *Jiang*, 568 F.3d at 1258. In *Jiang*, we granted a petition to review BIA's denial of a motion to reopen where the motion was based on evidence that China more stringently enforced its family planning law since the original removal hearing. *Id.* It observed that Jiang's motion focused on Chinese enforcement efforts as it was likely to affect her, providing evidence of increased forced sterilization in her province and her hometown in particular. *See id.*

Memia's untimely second motion was due to be denied unless he could show materially changed country conditions. Assuming Memia's evidence to be true, it suggested that the Albanian government scaled back its coercive policies after the IJ denied his motion to reopen in 2001, which lead to improved conditions. We conclude that the BIA did not abuse its discretion in denying Memia's second motion. We therefore deny his petition in this respect.

PETITION DISMISSED, in part; DENIED, in part.